| | | |
|---|---|---|
| HON. ROGER S. GREENE...................... | CHIEF JUSTICE. | |
| HON. JOHN P. HOYT......................... | ASSOCIATE JUSTICE. | |
| HON. SAMUEL C. WINGARD.... ............. | do | do |
| R. G. O'BRIEN................................. | CLERK. | |

### JAMES M. COLEMAN vs. HENRY L. YESLER.

The certificate authenticating the transcript set forth in the opinion is void both for its indefiniteness and for want of a seal, and because the matter certified to is not a transcript.

Upon good cause shown, a motion to amend the certificate, or substitute for it a correct certificate, would be allowed, if thereby a perfect transcript could be obtained.

An inspection of the original record, brought to this court under Section 453, Civil Practice Act, 1877, discloses to the court that a comple transcript cannot be had in this case, because much of the documentary evidence introduced on the trial below was not incorporated in the bill of exceptions, nor referred to by certain descriptions.

Written testimony, under Section 453, is either documentary evidence, or testimony assented to by the witness, after it has been written, as that to which he makes oath.

A correct interpretation of Sections 460, 465 and 468, of our last Practice Act, requires in a case of appeal, a specification of errors claimed to have been committed in the lower court, similar to that which constitutes the assignment of errors, in a suit in error.

So long as a sensible construction can be given to a statute compatible with organic law, it should not be pronounced unconstitutional.

The appeal in equity, allowed by our organic law, is the right to a new trial upon the pleadings and evidences that were before the lower court.

The legislature cannot abridge such right, but it may prescribe a course or method to be pursued by the party availing himself of the right given by organic law.

The legislative enactment requiring a party to indicate what part of the proceedings he appeals from, and to define such part, to make specific statement of what was erroneous in the proceedings below, after the manner of an assignment of errors, in a suit of error, does not in any wise abridge the right of appeal, nor destroy the distinction between an appeal and a writ of error.

Such statement and specification of errors is not based upon the idea that

the decision of the lower court is left standing, but it is simply a regulation for convenience in procedure.

HOYT, J., in a dissenting opinion, holds that no such specification of errors is contemplated by the code.

Error to the Third Judicial District holding terms at Seattle.

*C. H. Hanford* for appellant.

*H. G. Struve* and *Thomas Burke* for appellee.

Dismissal of appeal, GREENE, J.

The certificate of the clerk to the transcript in this case fatally defective. There is here neither a duly authenticated transcript, nor a duly authenticated notice of appeal. There is nothing to show us that any appeal has been taken. This point now comes to our notice. In this posture no well-supported motion to perfect the transcript or the authentication thereof being before us, we can do nothing but dismiss the appeal. Let the appeal be dismissed.

Motion to amend certificate to transcript.

Opinion by GREENE, Chief Justice.

The certificate of the clerk of the court below to the transcript, or to what purports to be the transcript, herein, as follows:

"TERRITORY OF WASHINGTON, }
    Third Judicial District.    } ss

"I, James Seavey, clerk of the District court of the Third Judicial District, etc., do hereby certify the foregoing to be a true, full and correct transcript of the record in the action, wherein Henry L. Yesler is plaintiff, and James M. Coleman is defendant, as appears, and is included, within pages——to—— herein inclusive.

"Witness my hand and the seal of the said court, at Seattle, this the——day of————, A. D., 1879.

                        "JAMES SEAVEY, *Clerk.*

"By JAMES P. LUDLOW, *Deputy.*"

Such a certificate is obviously void, both for want of defi-

niteness in describing the matter certified as a transcript, and for lack of the seal of the court below.

And, of course, if the certificate is insufficient, we have no evidence that we have any transcript here.

We are resolved that such a defective certificate may be amended, or a good one substituted, upon motion made to this court, for good cause shown.

But, in this case, we are satisfied that it would be impossible for the clerk below to certify to us, a complete transcript.

This is an appeal case; before we can enter upon its hearing we must be put into possession of the case as fully as it was possessed by the lower court.

Both the pleadings and the evidence must be fully brought up. But, as appears to us, by the original bill of exceptions, which, under Section 453 of our statute, the appellant has brought here, certified by the District judge, it is, at this day, utterly impossible to place before us the whole of the evidence in this cause.

A very considerable portion of the written and documentary evidence used in the lower court is neither incorporated with the bill of exceptions, nor referred to therein by obvious and unmistakable *indicia*.

For the purpose of this appeal there is virtually no bill of exceptions.

Much of the evidence below was not written testimony, within the meaning of Section 453 of our statute, and consequently could not be certified by the clerk, under this section; documentary evidence aside, that testimony only is written testimony, to which, after it has been written out, the party has assented, as that to which he makes oath; such assent would regularly be expressed by the signature of the party.

We cannot see how the granting of this motion would benefit appellant.

There are here apparent fatal defects that could not be cured by a clerk's amendment.

75

The motion is denied.

Motion to affirm the judgment below..

To determine this motion it seems necessary to us to decide two questions.

1. Does the purport of our statute require an appellant to specify or define those parts of the proceedings of the court below in which he claims there has been error?

2. Was it competent for the legislature under our organic law to require this?

In answer to the first question, it is sufficient to say, that the natural and unstrained and consistent interpretations of Sections 460, 465 and 468 of our Civil Practice Act clearly command in every appeal case, a similar specification of errors committed in the lower court to that which constitutes an assignment of errors in a suit in error. This interpretation gives effect to every word and syllable in those sections, and although it requires us to take in a popular or broad sense, the words "appeal" and "appealed" where they occur next previous to the words "in case of an appeal" in the 460th Section, and the words "assignment of error" when they occur in Section 465, these variations of reading are not forced but the fact of the inartificial use of these words appears in each instance on the surface of the section in which it occurs.

The second question, in our opinion, requires a somewhat more extended discussion.

Undoubtedly it is perfectly competent for the legislature to regulate the practice upon appeals as well as upon writs of error. Legislation is not to be accounted incompatible with organic law, and therefore void, if its language is susceptible of any fair interpretation not incompatible therewith.

Where a statute can stand for the regulation of practice in cases of appeal, it will not be adjudged inconsistent with organic law and void.

Our organic law entitles a party in an equity suit to an appeal, that is, to a trial anew in the superior court upon the pleadings and evidence that were before the inferior court. The

right to such a new trial, the legislature of the Territory cannot by any system of statutory rules, take away nor abridge.

But the legislature can, by way of regulation, prescribe a certain course or method of conduct which the party must pursue in order to enjoy that to which he is by organic law entitled.

Our legislature have enacted that upon appeal the party appealing shall indicate what part of the proceedings of the inferior court he appeals from, and shall define such part; in Sections 465 and 468 of the Practice Act, such definition is referred to as an assignment of errors.

The enactment that he shall make such definition in no way prevents his appealing, and neither in form nor effect takes away nor abridges his full right to and enjoyment of an appeal. It simply requires, that in order to the exercise and enjoyment of that right he shall make a specific statement of what was erroneous in the proceedings below.

If to make such a statement were impossible or unconscionable, then it might well be argued that the legislature, by requiring it, departed from the organic law. But to make such a specification is easy. And far from being unconscionable it is very reasonable and desirable thing, for it tends to simplify and facilitate the labors of both judges and counsel in the appellate court.

That the legislature itself had no mind to abolish an appeal, and substitute for it a suit in error or some thing different from a technical appeal, but resembling a suit in error is evident from its language.   Sections 447, 460, 465 and 468 are inconsistent with any other view than that the legislature intended to preserve to suitors the full benefit of a technical appeal.   Indeed, some of the sentences in which a technical appeal is clearly recognized and allowed, are the very sentences wherein that specification of error which appellants must make is commanded..   A legislature is deemed to speak intelligently and not to stultify itself in a single breath.   This specification, required by statute, is in the nature of a supplementary pleading in the superior court, and tends to narrow down, so far as the

party appellant will consent, the inquiries of the court above. The idea is that the appellant shall, as far as he can consistently with his equities, restrict himself in the range he will cover in the court above and for facilitation of business declare such restriction specifically.

Because he is obliged to make such a specification, or as it might in general language be termed assign errors, he is not thereby nor in any way precluded from having a thorough rehearing above.

Let us turn for an analogous case for illustration. A plaintiff embodies his claim in a complaint. That claim is one completely open for defense. It is a case that has never been tried and the defendant has a right to his day in court to have all and every part of it contested.

Now, by regulation of statute, it might be provided that the defendant could contest it under a general denial, or it might be provided that he must attack it, specifically part by part. But a regulation requiring specification would not take away or abridge the defendant's right to an utter contest of the whole of plaintiff's case.

So, in an appeal in chancery, the pleadings and the proofs are brought up, with the right to the defendant thoroughly to sift them before the appellate court, and have an entire new hearing and judgment. The case is opened down to the bedrock of pleadings and proofs by the mere fact of the appeal. But there have, in reality, been previous proceedings upon these same pleadings and proofs. Now, if by way of supplement to the record below, and with a reference to the proceedings in the lower court, the statute require the defendant to specify, in this court, those parts of the proceedings below by which he will stand, or what is the same thing, define those parts by which he will not stand, the statute does not, thereby, at all deny him any benefit of his appeal, but simply imposes on him the mechanical task of making a list of what he thinks wrong in the action of the inferior court.

To be sure his list is part of the record and will bind him. But it binds him only as he consents to be bound, for he him-

self constructs the list. If he does not make it cover every question involved in the pleadings and proofs below, it is because he so elects, and not because the law confines him.

Under our practice, a case is brought into the appellate court by the service of the proper notice of appeal. Being there, it is there as a case for trial *de novo*. The first step toward that trial *de novo* is a step in the appellate court, and in a definition by the appellate court. In logical order, this definition is subsequent to the notice of appeal, but in time, when no irregularity supervenes, it is simultaneous with being incorporated in the notice. The definition is effected by referring to the proceedings had in the inferior court. The reference is not made on the theory that those proceedings are still standing valid, but liable to be reversed, for that would be utterly incongruous with the idea of an appeal, but the reference is made for the sake of convenience, because the proceedings furnish the readiest, and most natural and intelligible exhibit for defining wherein, and how far, the judgment of the court below was wrong.

The definition as we have said, is in the nature of a supplementary pleading in the appellate court.

In form, though not in logic, it is analogous to an assignment of errors in a suit in error.

The fact of this formal analogy has been utilized by the legislature, so as to assimilate and unify the procedure in transferring here, from inferior courts, and bringing to a hearing, both cases at law and cases in chancery.

We fail to see any want of competency in the legislature to do this. It is a mere matter of regulating practice upon appeals.

Under this practice, a definition of assignment of errors was necessary, in this case. In the absence of any, the cause should either be dismissed or the same judgment rendered here as was rendered in the court below.

Let the motion be granted and let a like judgment be entered here to that rendered in the District court.

DISSENTING opinion by HOYT, Associate Justice.

I am unable to concur with the majority of the court in their decision upon this motion, and will briefly state the grounds of my dissent.

Section 447 of the Practice Act, of 1877, following out the provisions of the Organic Act, provides that in all cases of an equitable nature or where the district court has assumed chancery jurisdiction, an appeal will lie to the Supreme court. It is conceded that if this provision of the statute stood alone and unqualified, it would give to a party the right to remove a chancery case to the Supreme court for trial *de novo*; that is to say he would have the right to bring his case to this court and have it tried upon all the questions made by the pleadings and the evidence in the court below, the effect of the appeal being to substitute the Supreme court for the District court, as the forum in which the trial is to be had, but it is claimed that in Section 460 and 465 of said Practice Act, the legislature has provided that in order to get the benefit of the provisions allowing him an appeal to the Supreme court, a party to an equitable action must set out and specify what particular part of the action of the District court he claims to have been erroneous, and cannot rely upon the well settled rule, that by taking his appeal he secures the right to have every question, pertinent to the case, re-examined in the appellate court, and this the majority of this court hold, while at the same time holding that, notwithstanding these sections, the Supreme court has the right and it is its duty to re-try the whole case and to decide all the material questions involved therein. But if the Supreme court has the right, and it is its duty to try the case *de novo* and decide all the material questions raised by the pleadings and proofs, then it seems to me that it certainly should be permitted to have the whole case discussed, and that to say that the legislature has made it the duty of this court to examine and pass upon all the material questions in an appeal case and yet that it has made it the duty of the appellant therein to select out any particular portion of said material question, and be confined in his argument to those selected, leaving the

court as best it can to both argue and decide all other material
questions in the case, is a proposition so strange, not to say ab-
surd, that before I could come to the conclusion that the legis-
lature had so intended, I must have their intention manifested
in language so clear as to make it absolutely impossible that
any other interpretation could be given thereto, and not finding
such language in the sections referred to, I can but dissent from
the conclusion to which my brothers have come upon that ques-
tion.

Take Section 460 and give the language therein used a fair
interpretation, giving to every clause and word its usual and
proper signification, and it seems to me that it requires that
the party desiring to appeal a case to this court, need only pre-
pare and serve, as required by statute, a notice that he appeals
from the judgment in the case, and that where the judgment
is entire, that is all that the notice should contain.   This would
probably be conceded were it not for the use of the words, "or
from some specific part thereof defining such part;" but as it
seems to me these words do not apply at all, when the appeal
is from the whole of the judgment or decree, but only apply
when the decree is such that a part of it can be enforced inde-
pendently of the other parts, and the party only desires to ap-
peal from some particular portion thereof, and that then the
words quoted come into force and compel the party to state that
he only appeals from a part of the decree, and in that case he
must define what particular portion of the decree he appeals
from.

The design of the statute being to leave those parts of
the decree not appealed from to be enforced in the court below.
See Sections 459 and 475.

If it had been the intention of the legislature to require
in an equity case something equivalent to an assignment of error
in a law case, they would not, in my opinion, have used the
language employed in Section 460, as by it even giving the
words themselves, the signification contended for, they have in
terms provided that in an appeal case the particular part of the
proceeding appealed from should be specified, while in a suit

in error, they have provided that the judgment or order by which the party conceives himself aggrieved shall be set forth *together with* a particular description of the errors assigned.

Section 465, even if interpreted as it has been by my brothers, must be admitted to be incongruous and incomplete, for while in Section 460, as interpreted by the majority of the court, the legislature have seen fit to describe the specification required in an appeal case as something else than as an assignment of error, here they have used only that term as intended to cover both an appeal and a suit in error. This being true and it being necessary in any case that there should be a forced construction of said Section 465, I am of the opinion that it would be doing no greater injustice to the language used therein to hold that the assignment of error spoken of, referred only to cases at law, than it would to give such an interpretation to Section 460 as will make the language here used consistent with the idea that said words applied with equal force to both classes of cases.

But it seems to me that the true way is to construe this section just as I have Section 460, that is, just as it reads, and to hold that this section refers to appeal cases only when the appeal is from a part of the decree, and that in such a case if the portion appealed from is not specifically described then the appellee may obtain relief under the provisions of this section.

As I hold that under section 460 it is only necessary for the appellant to specify what he appeals from and not the particular error in the proceedings which may have led to the decree or part thereof from which he appeals, and as in this case it clearly appears from the notice that the appellant appealed from the entire decree, it follows that, in my opinion, the motion should be denied.

I have discussed only the first of the two questions decided by the majority of the court, as from the conclusion to which I have arrived in regard to that, it is not necessary for me to pass upon the other.